FILED
 2020 Mar-06  AM 11:47
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JANICE LANDS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **BARFIELD HEALTH CARE, INC.;** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Janice Lands, by and through undersigned counsel, and for her complaint against the Defendant states as follows:

### PRELIMINARY STATEMENT

This is an action for reinstatement, injunctive relief and damages caused by Defendant's violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 et seq.

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.  The unlawful conduct described herein was committed in

the State of Alabama in Marshall County. As such, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Janice Lands, is over the age of nineteen (19) years and is a resident of the city of Section in Jackson County, Alabama.

2. Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. § 2611(2)(A) to be treated as an "employee" within the meaning of FMLA.

3. Defendant Barfield Health Care, Inc. ("Barfield") is a domestic corporation. Barfield does business and has at all pertinent times done business in this Judicial District. Barfield was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to the issues raised in this action.

## STATEMENT OF FACTS

4. Plaintiff began working for Barfield approximately one year ago at its facility located in Fort Payne, Alabama.

5. Upon information and belief, at all relevant times, Barfield employed more than 50 people within 75 miles of its facility located in Guntersville, Alabama.

6. Plaintiff worked more than 1250 hours in the 12 months preceding her need for FMLA leave due to her medical condition. As such, she was eligible to apply for FMLA.

7. On or about September 7, 2019, Plaintiff was diagnosed with having a right popliteal fossa Baker's cyst by her physician, Dr.

8. Dr. Ismail ordered Plaintiff to be off of her feet from September 8, 2019 through September 16, 2019 due to her medical condition.

9. Plaintiff requested medical leave pursuant to the FMLA.

10. Plaintiff returned to work after September 16, 2019 and continued to work her normal position and normal hours.

11. When Plaintiff returned, she was told by her employer, the Defendant, that she needed "certification" and was provided with forms to provide to her physician to be filled out relating to her medical condition.

12. Plaintiff's physician filled the forms out on September 25, 2019. Plaintiff returned to completed forms to the Defendant.

13. The forms filled out by the Plaintiff's physician contained the following:

    4. Describe other relevant medical facts, if any, related to the

      condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

Plaintiff's physician responded to #4 with the following:

"Patient was unable to be on feet for long periods of time due to right popliteal Fossa Baker's cyst.  Patient will continue to need to be off feet until cyst is reduced in size."

14. On the forms Plaintiff's physician indicated that Plaintiff needed to be off of work from September 8, 2019 through September 16, 2019 and indicated that Plaintiff was unable to perform any of her job functions due to the condition.

15. Despite the fact that Plaintiff's physician filled out the requested forms and provided information relating to Plaintiff's symptoms, diagnosis and continuing treatments, on or about October 8, 2019, Defendant notified the Plaintiff that the forms were not complete and sufficient and requested only that Plaintiff provide "Specific and relevant medical facts related to condition (may include symptoms, diagnosis, or continuing treatments)."  No other information was requested by Defendant.

16. Plaintiff took the forms back to her physician who stated that the forms were complete and that there was no other information to

provide.

17. Plaintiff informed Defendant that her physician did not have additional information to provide. Defendant did not specify what information it needed but, rather, fired the Plaintiff on October 21, 2019.

18. Barfield pretextually terminated the Plaintiff based on her alleged accrual of absences.

19. Barfield interfered with Plaintiff's FMLA rights when it failed to specify what, if any, additional information it required to evaluate her request for FMLA leave, when it failed to reasonably consider the information Plaintiff's physician provided to it on the forms it required and when it terminated her employment and/or refused to allow her to take FMLA leave as a result of her serious medical condition.

20. Barfield pretextually terminated the Plaintiff as a direct result of exercising her rights provided under the FMLA.

## CAUSES OF ACTION

### COUNT ONE
### FMLA RETALIATION

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant intentionally and willfully retaliated against the Plaintiff when it terminated her after she exercised her rights under the FMLA.

23. The reasons given by Defendant for terminating Plaintiff's employment were pretextual.

24. As a result of Defendant's retaliation against the Plaintiff for exercising her rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

### COUNT TWO
### INTERFERENCE IN VIOLATION OF THE FMLA

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. With regard to the Plaintiff, Defendant interfered with, restrained, and/or denied the exercise of or attempted exercise of Plaintiff's FMLA rights.

27. Defendant wrongfully terminated Plaintiff and interfered with her

FMLA rights.

28. As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays for the following relief after the trial of this matter:

A. That this Court grant the Plaintiff a declaratory judgment that the practices complained of herein are in violation of the Family and Medical Leave Act of 1993;

B. award the Plaintiff back pay, loss of employment benefits;

C. award the Plaintiff front pay;

D. award prejudgment interest, if applicable;

E. award the Plaintiff compensatory and/or punitive damages;

F. award the Plaintiff liquidated damages as allowed under the FMLA;

G. award the Plaintiff her costs and expenses of litigation, including reasonable attorneys' fees.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

                            /s/ *W. Whitney Seals*
                            W. WHITNEY SEALS,
                            Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Janice Lands
1097 Main Street
Section, AL 35771

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**BARFIELD HEALTH CARE, INC.**
C/O Registered Agent
Mr. E. Brooks Barfield, Jr.
P.O. Box 157, Route 3
Grant, AL 35747